We have three cases this morning and into early afternoon, and the first one is numbers 16-1669 and 3359, Employer Trustees of Western Pennsylvania Teamsters et al. The Union Trustees of Western Pennsylvania Teamsters et al. And we have Mr. Korok and Mr. Pass. Good morning, Your Honors. My name is Bob Korok. I represent the Employer Trustees of the Western Pennsylvania Teamsters and Employers Welfare Fund. I would like to reserve three minutes for rebuttal. I must tell you, I've never had a case in which you have two issues. The issue you win on, you say is a matter of law. The issue you lose on, you say should be arbitrated. The other side says, well, the issue we won on should be a matter of law, a court decide, and the issue that we lost on should be arbitrated. I mean, it's like, okay. Yeah, no, I understand, and I will attempt to point out what I think is the relevant distinction, which I think in applying the analysis of the presumption of arbitrability here, I mean, there is a distinction between the two underlying issues, which at least in my urging of the court does require those separate results. How does arbitration apply to one but not to the other? Well, it does apply to both, but I think there are many disagreements, but I think the one area that there isn't disagreement on is the standard. We both agree that there is a presumption of arbitrability, and that's very broad. However, one has to have agreed to arbitrate the issue in order to get the benefit of that presumption. You lost me there. How does arbitration apply to the issue that you say was decided in your favor, and I thought you said should not be arbitrated? Correct, and it should not be arbitrated because there is no agreement to arbitrate the issue in that case. In that case, in the trust agreement, of course, it applies to both. There is a specific exception that says an arbitrator cannot and has no power to change or modify the trust agreement, and the issue in that case is one which is very specifically set forth in the trust agreement already, whereas the matter in which we're the appellant, which is a question of whether payments can be made, really requires an interpretation, which would be the arbitrator's function, among other things, of what is an allowance within the terms of the trust agreement, and, in our view, also would require the consideration of extrinsic evidence, including the fact that payments have been made over many, many years in these exact circumstances. Why is it a modification of the agreement? In the matter in which we're the appellee, it's a modification because there is a provision that specifically talks about how trustees are appointed, and the employer trustees, and while the appellant union trustees in that case suggest that there's a dispute over what employer means, there's a defined term in the trust agreement, employer trustees, and so that term has no disagreement, and it provides that anyone can be an employer trustee and not just someone employed by a participating employer. In addition, while it wouldn't be dispositive to your honors, fund counsel was asked to render a legal opinion on that very issue and rendered a legal opinion that said we've done it for all of these years, we've never required that an employer trustee be a member of a participating employer, and neither the law nor the trust agreement requires that. It really sounds like you just don't want these two guys to be representing as the employer trustees, right? I think that's what the union trustees want. The union trustees want them no longer to serve. Both issues here. Why aren't both issues arbitrable? In other words, forget the Labor Management Relations Act, which talks about deadlock over the administration of the fund. You've got section 3.15 and section 4.16 of your trust agreement. 3.15 talks about an impartial, I'm sorry, to break any such deadlock by deciding the dispute in question and the scope is limited to the provisions of this trust agreement and to the provisions of the rules, regulations, and bylaws adopted by the trustees. And 4.16 seems to go even further. The trust, we have full and exclusive authority with respect to the construction of the provisions of this trust agreement and the terms used herein. That's pretty broad. That's not just administration. That's the whole shoot and match. No, and I agree. The language is broad. I mean, this court's struble decision says that you can have matters that go beyond trust administration subject to arbitrability. But, again, the point in the trust agreement that makes the participating employer issue different from the payment issue, in my respectful opinion, is the fact that there cannot be any change or modification. And so to send that to our That's the same point the union makes when it comes to the provision of compensation. They're saying the agreement doesn't specifically allow it so that any determination that it would be permissible to pay it would be a modification of the agreement itself. It seems to me that it's difficult to find that fine distinction between why you get to arbitrate your issue and they don't get to arbitrate their issue. It depends on an analysis and acceptance of the differentiation. Don't you have to then engage in an analysis of the agreement itself that should be the function of the arbitrator? Yes, an analysis of the agreement is a function of the arbitrator. And the arbitrator should not decide the merits. But I think the arbitrator should decide the merits. The arbitrator should decide the merits of the dispute. Yeah. But in terms of this court's application of whether both matters are arbitrable, obviously, in order to be able to say with positive assurance that it's not, if you were inclined to do that in the one case in which I'm urging you to do that, the court must at least read the provision. Now, I mean, if it's an in-depth analysis like I think the district court did with respect to the payment issue, we suggest that is for the arbitrator. But what we think is different about the second issue, even though we agree it's a broad scope of arbitration, is that doesn't have any issue of interpretation. That has specific provisions defining exactly how employer trustees get appointed. So does it affect fund administration in that context? Is that the decision we have to decide? I'm sorry, Your Honor. Does it affect fund administration? Are we talking about the administration of the fund here? Well, that's the one issue that I think the court has to decide. The Labor Management Relations Act requires that the trust agreement provide arbitrability for matters of administration. However, the Struble decision says that you can expand it beyond that. And so I think, you know, in the initial analysis, if it's a matter of administration, then under this trust agreement it gets arbitrated because the standard is broader. But even if it's not a matter of administration in one or both of those, depending upon whatever standard the court might develop, there still needs to be an analysis as to whether it's arbitrable under the broader trust agreement standard, which Your Honors correctly said is any dispute and not necessarily one of just trust administration. And what I would suggest as the case on the payment of compensation, and the district court found that was clear in an unambiguous language, we would call the court's attention to this court's prior decision, which we think is very similar, which has been cited. But I guess where I'm coming from, and speaking only for myself, is should I even get there as a court? Why isn't that arbitrable? It is arbitrable unless the court concludes that the carve-out in the trust agreement for revoking authority on changing and modifying the trust agreement disables the arbitrator from deciding it. So that's the issue that I think the court decides. I'm not so sure. What I can't figure out is how arbitration is disabled for either of these two issues. So, I mean, at this point, maybe we ought to hear from Mr. Passon and get you back if you'd like to have that. Thank you. Good morning, Your Honor. I'm Joe Pass. I represent the union trustees in this case. I would like to, if it's possible, because I'm an appellant, reserve three minutes for rebuttal if that's possible. That's fine. Okay. I guess that's a, I can anticipate your first question, and I think the answer is very obvious. This trust is a statutory trust, and the purpose of the trust is outlined in Section 2.1 of that trust, as well as the law. This trust is for the sole and exclusive benefit of the beneficiaries. On the case in which Judge McVery founded our favor, it was determined that there is nothing in the agreement that allows for compensation of these trustees. But is that his call to make? Yes. It is his call because, although we have a very broad arbitration provision, you cannot arbitrate something that is clearly not permissible. And it is not permissible. It is against the law for trustees to receive any benefit from this trust. You're telling me an arbitrator can't decide that? I believe that the court has to decide, which the rule of the circuit is in the first instance, whether the matter is excluded from arbitration. So are you saying for 27 years you've been in violation of the law? I say that is exactly right, Your Honor. I say that is correct. They are in violation. They have been in violation. And they can't cure that violation by simply saying, well, we've done it before. That doesn't cure it. I would point out, they make reference that they have done it before. But if you look at every motion that was made to pay those people, no, it was the word compensation. If you look in sections of the trust agreement, this is what I think is most telling. Did the set lawyers want to give these individuals compensation? If you look at the statute, the statute allows compensation and expenses actually incurred. This trust agreement talks about expenses actually incurred. It doesn't say a word about compensation. It also uses allowances. It uses the word allowances, which is something altogether different. There are allowances such as when you go away, you get an allowance for a room, you get an allowance for a plane or whatever other expenses you have. But it's followed, the word allowances are followed by the terms actually incurred. Here we are interpreting the agreement. You're interpreting it only to decide whether or not an arbitrator would have to amend this agreement to put the word compensation in. That's what they can't do. The way I view it, and maybe you can tell me why I'm wrong, is that unless the agreement specifically said compensation shall not be paid, that it becomes an arbitrable issue in terms of what the agreement means. Just the opposite, and the reason it's the opposite is because the statute and trustees cannot receive any benefit from the trust. That's specific in the law. But they make two exceptions. One was compensation and the other was expenses actually incurred. What if the employer trust, what if we have, why don't we have a plausible explanation that properly and actually incurred is a modifier that means that the trustees are only paid for the meetings that they in fact attend? Because it's not compensation. It is they're paid for expenses. It's allowances and expenses actually incurred for meetings. They go to meetings. They also travel. They get travel expenses. They get meeting expenses when they're there for their rooms, for their food and other expenses. That's what that provision is made for. But if the legislature wanted to combine the two, they wouldn't have put the word compensation in the statute. But there are two things. It says compensation or expenses actually incurred. If you look at the trust document, getting back to why the court finds that this is not an arbitrable matter, if you look at section 3.2 of that document, it specifically says the employment, it's entitled employment, trustees shall serve at the will of the appointing authority as set forth in section 3.1, and they shall be reimbursed for all reasonable and necessary expenses as are properly and actually incurred by them in connection with the performance of their official duties as permitted. That is what it says. Expenses. It doesn't say compensation. On the other hand, if you look at the arbitration provision in 3.15, they knew how to say compensation. It says specifically when you employ the arbitrator, such impartial arbitrator shall immediately proceed to hear the dispute, et cetera. The reasonable compensation of such umpire and the cost and expenses, including without limitation, certain fees. The set lawyers knew what they were doing. They did not want to give these people compensation. Let's go back to Judge Manaski's question. If they knew what they were doing and it was followed by both sides for 27 years, you authorize compensation for attendance at trustee meetings in the past. You now take the position that this compensation is not allowed by the trust, so then you've, in effect, conceded you've been violating your trustees, your fiduciary duties by misusing trust funds for 27 years. Absolutely. I absolutely believe that. I have been a trustee in the trust funds for several billions of dollars. Why did you do that for 27 years? No one ever looked at this. No one has ever paid much attention. That's a problem with the trust. I'm teasing. Go ahead. Go ahead. No one really paid much attention to it. It was a thing that just they went through it and did it and didn't examine the document. And so when the trustees came to me, I looked at it and said, why are we paying anybody anything because there's no authority to do so? And that's how this dispute started. And if you look, as I said, you cannot. By the way, if you look at the Supreme Court's decision in Firestone, they specifically enunciate in there that when it comes to the trust document, it says specifically, as we do with contractual provisions, courts construe terms in the trust agreement without deferring to either party's interpretation. The extent and duties of the powers of a trustee is determined by the rules of the law that are applicable to the situation and not the rules of the trustees or his attorney or what their attorneys believe. So when it comes to the statutory trust, the courts must be a guardian for these beneficiaries. That's how the statute was started. That's why the statute was put in this way to take care of these abuses. Mike, so I'll come back to my main question. Yes, sir. And without arguing at all the merits of the interpretation, whether it's right or wrong, focusing solely on the scope of the trust agreement's arbitration clause provisions. Yes, sir. Explain to me how compensation is not arbitrable, but employer-trustees is arbitrable. Well, again, we start with the first proposition in the premise that this is for the sole benefit of the trustees. Now, the question is, why is it different? Doesn't the company of employer-trustees involve, quote, the construction of the provisions of this trust agreement, close quote, under section 4.16? Except, as the courts have said, if it's not part of the arbitration agreement. Now, the arbitrator cannot amend the contract. They cannot. That also is in there. The arbitrator has no authority to change the terms. He would have to insert the word compensation. The composition of employer-trustees involve, not involve, the construction of provisions of this trust agreement. If you're talking about our issue as to whether employer-trustees must be employers, there is a definition of employers in the document. There is another definition that Mr. Prolock points out that says anyone may appoint. I understand that. That's for interpretation for an arbitrator. I agree. You have a dispute. Yes, sir. And you want this dispute, and you've got a valid issue, and they have a valid issue. And you want this dispute to be resolved. The only question here is who resolves it. Is it an arbitrator or is it a court? It's an arbitrator if the agreement says that it's to be the arbitrator. I've asked you now a few times, what makes the issue here with regard to who can be an employer-trustee not involve the construction of the provisions of this trust agreement? It does involve that. I agree with you. I think that is an arbitrable matter. It is because there is a definition of employer, and we allege that when you say employer-trustee, that term employer is imputed. That's for the arbitrator to decide, and I think that's where Judge McNerney made his error in the second case. He made the analysis just what an arbitrator should do. He did exactly what an arbitrator should do. He did exactly what the arbitrator should do when he decided the compensation question. Because the word compensation, again, we go back to what's the purpose of a trust. The purpose of a trust is sole beneficiaries, and the statute allows only two ways that trustees can get funds, expenses and compensation. It's clearly in the statute that way, and the words compensation are not in there. They are when you're paying an umpire, but not when you're talking about the trustees. Even if you look at the term of the agreement, I mean, what it says, employers, when they're talking about the employment, it doesn't mention compensation. So we, they want the arbitrator to insert the word arbitrate, I'm sorry, compensation. That's the difference. That's the main difference. All right. Why don't we get you, Bruce Korbrach, we'll get you back on rebuttal as well for at least three minutes. Thank you. Thank you, Your Honors. I won't belabor the point of the standard here. You obviously very well understand the issues, and it's just a question of how you resolve both of those. The only thing I'd like to use my rebuttal time for is a Third Circuit case that I think is very analogous to the compensation question in which we're the appellant, and that's the Rolls-Royce case. In that case, there were employers obligated to contribute to funds for their employees. And there had been a long history, like there's a rich history here, of not doing that for probationary employees who were those employed during the first 60 days of employment. And there was a request to enforce that contribution obligation. And if the court there had applied an IRS tax code standard, the word employee, these were W-2 people for their wages, but the court looked at the history of not having contributions provided for probationary employees for a long period of time, just as we do have here for the payment of compensation, and relying on a Supreme Court case, Old Colony Trust versus Omaha, it said the practical interpretation of a contract by the parties to it for any considerable period of time before it comes to be the subject of controversy is deemed of great, if not controlling, influence. And so I think, at least as to that one, it further reinforces the point that that dispute does benefit by the presumption of arbitrability and that those words and language does need to be arbitrated. And if you have more questions, I'm happy to answer the distinction, but I have a feeling you understand the points both parties are making. I'm not sure what I understand on this one. I have no other questions. I have no other questions. Okay. Thank you. Thank you. Mr. Pass? Thank you. Again, Your Honor, we'll try to see if we can all get it clear on what we're trying to do. But the point is that the case he cited had to do with an interpretation of a collective bargaining agreement. What we have to understand is this is a statutory trust, which is far different. That trust is made for a still purpose. And I think as the court in Poston v. Character, that was the Fifth Circuit's case, which is identical in all respects to this, they made this particular finding. If the declaration of a trust is not susceptible to an interpretation that compensation is allowable, the matter cannot proceed to arbitration. That's one thing. Because the reimbursement for necessary expenses, especially in the construction of a statutory trust as we have here, cannot be held to mean to include compensation for services rendered. That is confusing. They continue to put it in the position that they want to bring into past practice. That's not what we do with trust funds. Does that case predate the presumption of arbitrability? Pardon me, Your Honor? Does the Poston case predate the presumption of arbitrability? No, the presumption of arbitrability came about in the Trilogy cases. They made that argument in their brief, but the Trilogy cases of the Supreme Court were decided long before Poston. Long before. Any other questions, sir? Thank you. Thank you to both counsel, and we'll take the matter under advisement.